KANIESKI v. CASTANTINI.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY—MOTOR VEHICLES.

In an action for personal injuries sustained by plaintiff in a collision at a street intersection between a truck in which he was a passenger and defendant's sedan, the finding of the jury in favor of plaintiff on the questions of defendant's negligence and plaintiff's contributory negligence, held, justified by the record.

2. SAME—EVIDENCE—PERMANENT INJURIES—MORTALITY TABLES.

Where there was evidence to support plaintiff's claim that he had sustained permanent injuries as a result of the accident, the trial court was right in denying defendant's motion to strike from the record the evidence of permanent injury and in receiving the mortality tables in evidence.

3. DAMAGES — PERSONAL INJURY CASES — NO FIXED RULES TO MEASURE DAMAGES.

Although it is impossible to formulate definite and fixed rules by which computation may be made of just compensation for personal injuries, a general review of cases in which there are facts of a somewhat similar character enables the court to determine that the amount of a verdict which does not fall within certain limitations is unjust.

4. SAME—EXCESSIVE VERDICT—REMITTITUR.

Where, in a personal injury case, the record is meagre as to the extent to which plaintiff suffered pain, if at all, except immediately after the accident; his total expenditures for hospital and doctor bills was approximately $160; at the time of the trial his physical condition was improving, and his physician testified that plaintiff's injuries, a partial paralysis of the right arm and leg resulting from an injury to the spine, might be permanent to the extent of 30 or 40 per cent., finally, a verdict for $13,615.50 is held, excessive, and new trial granted unless all in excess of $10,000 is remitted. WIEST, J., concurring in part.

On excessiveness of verdicts in action by person injured for injuries not resulting in death, see annotation in 46 A. L. R. 1230.

Error to Gogebic; Driscoll (George O.), J.    Submitted April 5, 1928.    (Docket No. 37, Calendar No. 33,369.)    Decided July 24, 1928.

Case by Frank Kanieski against Demitrio Castantini for personal injuries.    Judgment for plaintiff.    Defendant brings error.    Affirmed, conditionally.

*Charles M. Humphrey* (*Rodgers & Dunn,* of counsel), for appellant.

*Baird & Rummel,* for appellee.

NORTH, J.    This case arose out of the same accident as *Tregonning* v. *Castantini, ante,* 233.    The plaintiff herein was a passenger riding in the Ford truck driven by Tregonning; and the facts and circumstances surrounding this automobile accident are reported in the companion case.    On the question of the defendant's negligence and that of the plaintiff's contributory negligence the jury found in favor of the plaintiff; and as held in the *Tregonning Case,* such determination is justified by the record.    In this case the defendant has presented and urges two other matters as grounds cf reversible error:

(1) That because there was no evidence that the permanent injury which plaintiff claims he has sustained was caused by or was incident to this automobile accident, the trial court erred in receiving in evidence the mortality tables and in denying the defendant's motion to strike from the record all testimony as to permanent injury sustained by plaintiff.

(2) That the verdict rendered was excessive.

The permanent injury of which the plaintiff complains is a partial paralysis of his right arm and right leg.    Expert witnesses testified this was caused by a lesion of the spinal cord.    On cross-examination of such witnesses it was shown that this result might be caused by hemorrhage, by a tumor growing on the

spinal cord, or by syphilis, and that the x-rays taken did not disclose anything wrong with the plaintiff's spine.    This latter circumstance is accounted for by the lack of suitable x-ray apparatus.    The defendant claims that such a record does not establish this accident as the cause of plaintiff's permanent injury, and since there is no evidence of any other permanent injury this issue should not have been submitted to the jury.    We think this contention is not tenable. The plaintiff gave the following testimony, which stands undisputed:

"Before I received this injury, before I was in this accident, I was a husky man.    I could jump about six feet high and always felt that way.    Anybody that knows me in Wakefield can tell that.    I have been working as a policeman since 1920 (upwards of five years).    From that time up until the time of the accident, during all that period, I had no sickness; I was able to work all that time.    I think I have missed six days in all that time.    After the collision I don't know nothing.    I was unconscious.    Then I was laid up in bed like a piece of log.    I was a patient at the Runstrom hospital about twenty-four days.    I was in bed four weeks at Wakefield.    I am under the care of a physician and surgeon at the present time."

The physician who attended the plaintiff testified:

"He was brought into Runstrom's hospital in a semiconscious condition.    He had some ribs fractured and other bruises and contusions and a severe injury to his spine.    He has paresis, that is, partial paralysis of his right arm and leg.    Those injuries are permanent.    I mean, the result of the injury to the spine, the symptoms due to the fracture of the spine are permanent.    He was suffering excruciating pain for the first few days because of the injury to his back, the fracture of his back which of necessity caused a lot of pain.    He had contusions on his body in general, especially of his chest and that caused an awful lot of pain.    He was a very sick man while he was there."

Another physician testified that the plaintiff's partial paralysis was caused by injury of some sort that took place in the spinal cord.   Since it appears that for years the plaintiff had been an able-bodied man, enjoying unusual health up to the very hour of the accident, and that from that time on he was in the physical condition above indicated, it cannot be said that the record is barren of testimony tending to show that the accident was the cause of plaintiff's permanent injury. The trial court was clearly right in denying the defendant's motion to strike from the record the evidence of permanent injury and in receiving the mortality tables in evidence.

The remaining question presented in appellant's brief is whether the verdict for $13,615.50 was excessive.   It is not possible to formulate definite and fixed rules by which a computation can be made of just compensation for personal injuries.   Rarely will two cases be found where the facts and circumstances are sufficiently similar to render one of them of great value as a precedent in fixing the amount of damages to be awarded in the other.   None the less, a general review of cases in which there are facts of a somewhat similar character enables one to determine that the amount of a verdict which does not fall within certain limitations is unjust, and must have been the result of something other than an unbiased consideration of the proof in the case.   The record before us is rather meager as to the extent to which the plaintiff has suffered pain, if at all, except immediately after the accident; his total expenditures for hospital and doctor bills has been approximately $160; at the time of the trial his physical condition was improving, and his physician testified that the plaintiff's injuries, which appear to be mainly a partial paralysis of the right arm and leg resulting from an injury to the spine, "may be permanent to the extent

of 30 or 40 per cent., finally." . A careful review of this record convinces us that the verdict rendered is excessive, and for this reason the judgment will be reversed unless the plaintiff remits the amount of the damages in excess of $10,000 within 30 days from the filing of this opinion.    If the remittitur is so filed the judgment in the sum of $10,000 will be affirmed without costs to either party; but otherwise the case will be reversed and a new trial granted with costs to the appellant.

FEAD, C. J., and FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.

WIEST, J. (*concurring conditionally*). . Considering the nature and extent of the injuries received by plaintiff, his age and earning capacity, I think the judgment should be reduced to $7,500.