GARBER *v.* STONE.

1. MOTOR VEHICLES—NEGLIGENCE—WEIGHT OF EVIDENCE.
   In action against automobile driver for damages occasioned by, collision, finding of trial court that defendant was liable, *held*, justified under record, although testimony was conflicting.

2. SAME—DAMAGES—EXCESSIVE VERDICT.
   Judgment for $3,000 for personal injuries and damage to automobile, *held*, not excessive, where plaintiff was confined to bed for three weeks and to his house for a week longer, and still suffers pain from injuries resulting in broken collar bone and two ribs, and bruises on head, hand, and foot, and plaintiff's earnings before injury had been about $60 a day; $1,500 being allowed for loss of earnings, $375 for car, which was totally destroyed, and balance for pain and suffering.

Appeal from Wayne; Root (Jesse H.), J., presiding. Submitted June 10, 1932. (Docket No. 70, Calendar No. 36,473.) Decided September 16, 1932.

Case by James N. Garber against Sidney E. Stone and another for personal injuries received in an automobile accident. Judgment for plaintiff. Defendant Stone appeals. Affirmed.

*Albert McClatchey* and *James R. Garber*, for plaintiff.

*Lightner, Hanley, Crawford & Dodd* (*Seymour J. Frank*, of counsel), for defendant Stone.

SHARPE, J. In this action, tried by the court without a jury, the plaintiff recovered a judgment for $3,000 against the defendant Stone for damages sustained by him resulting from a collision of the car in which he was riding, and which was owned by him, and a car driven by the defendant Stone, but owned by the defendant Gordon. As to the latter, there

On excessiveness of verdicts in actions for personal injuries other than death, see annotation in L. R. A. 1915F, 30; 46 A. L. R. 1230.

was a finding of no cause for action. The defendant Stone seeks review by appeal.

The collision occurred at the intersection of Theodore and Brush streets in the city of Detroit. In a carefully prepared opinion the trial court reviewed the evidence at length. He found the defendant guilty of negligence, and that the driver of plaintiff's car was free from contributory negligence. On a motion for a new trial, in which it was urged that his findings were against the great weight of the evidence, he again reviewed the testimony and declined to disturb the judgment entered. It will serve no useful purpose to state or comment upon the proofs submitted. There was much conflict in the testimony, but a careful reading of the record satisfies us that the finding as to the liability of the defendant should not be disturbed.

It is urged that the damages awarded were excessive. The plaintiff was a physician, engaged in practice at the time of his injury. His right collar bone and two ribs on his right side were broken. His head, his left hand, and his left foot were bruised. He was confined to his bed for about three weeks, and to his house for a week longer, and still suffers some pain as a result thereof. He testified that his earnings before his injury had been about $60 a day. His car, for which he had paid $550 a few months before the accident, was totally destroyed. He valued it at $375. The trial court fixed the damages at $3,000, made up of $1,500 for loss of earnings, $375 for the car, and the balance for pain and suffering. In our opinion this amount cannot be said to be excessive.

The judgment is affirmed.

Clark, C. J., and McDonald, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.