ROYER *v.* ESKOVITZ.

1. APPEAL AND ERROR—SUPREME COURT—PREPONDERANCE OF EVI-
DENCE.
   The function of the Supreme Court on appeal in a nonjury case
   is not to make a finding of fact but is limited to determining
   whether the evidence preponderates against the findings or
   judgment below, where error is claimed that the judgment is
   against the preponderance of the evidence.

2. AUTOMOBILES—PEDESTRIANS—DAMAGES—BACK INJURIES.
   Finding of trial court in nonjury case that plaintiff's injuries
   were accident-connected *held*, not against the preponderance
   of the evidence, where he had been an active police officer
   for 11 years, had engaged in various athletic sports without
   complaints or difficulty with his back but had suffered neck
   and back pains since rear-end collision of automobile in
   which he was a passenger and had had to retire from police
   force and is unable to do work involving prolonged standing
   or sitting.

3. SAME—BACK INJURY—AGGRAVATION OF PRE-EXISTING CONDITION.
   No error is found in trial court's finding that plaintiff's back
   and neck condition following injury was due to defendant's
   rear-end collision with car in which plaintiff was a passenger,
   where there is testimony that such was the case by reason
   of a pre-existing condition which made him more susceptible
   to such type of injury and slow to heal rather than an aggra-
   vation of a pre-existing congenital condition.

4. DAMAGES—ASSIGNMENT OF CLAIM—PAYMENTS BY EMPLOYER.
   Plaintiff, a city policeman who sustained injuries when de-
   fendant's car collided with rear-end of car in which plaintiff
   was a passenger was entitled to recover medical and hospital
   expenses and lost wages paid by city, where plaintiff had not
   assigned such claim, notwithstanding it is claimed city had
   commenced suit therefor against defendant (CLS 1956,
   § 413.15).

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 899 *et seq.*
[3] 15 Am Jur, Damages § 80.

Appeal from Wayne; Glennie (Philip J.), J., presiding. Submitted October 6, 1959. (Docket No. 12, Calendar No. 48,329.) Decided January 4, 1960.

Case by Charles Royer against Harold E. Eskovitz for personal injuries sustained in automobile collision. Judgment for plaintiff. Defendant appeals. Affirmed.

*John A. Hamilton* (*John Arthur Hamilton,* of counsel), for plaintiff.

*Erickson, Dyll, Marentay & Slocum* (*Walter P. Cynar,* of counsel), for defendant.

DETHMERS, C. J.   This case, heard by the circuit judge without a jury, resulted in judgment for plaintiff for personal injuries sustained in an automobile collision. Defendant appeals. He raises no question here as to his negligence, plaintiff's contributory negligence, or excessiveness of the judgment. His claims of error are (1) that the judgment is against the clear preponderance of the evidence, (2) that recovery was permitted on a theory other than that advanced by plaintiff, and (3) that plaintiff did not prove the right to recover that portion of the judgment which represented damages occasioned by his injuries but paid for by his employer.

(1) The judgment was allowed for damages resulting from a back injury. Defendant contends that the clear preponderance of the evidence establishes that plaintiff's back condition, causing his disability, was congenital and not in any degree the result of injury sustained in the collision. There are proofs to indicate that defendant's automobile struck the rear of the one in which plaintiff was passenger very lightly. Defendant also urges that the medical testimony establishes that plaintiff's dis-

ability is not accident-connected. A good deal of it is to that effect. However, some of the opinion testimony of doctors supports the opposite finding of the trial court. While the proofs so far alluded to might have left us persuaded contrary to the view of the trial judge, had we been triers of the facts, we were not and are not now the triers. Our function is limited to determining whether the evidence preponderates against the findings or judgment below. We cannot say that it does. This is all the more true because of uncontradicted evidence that up to the day of the collision plaintiff was, and for 11 years had been, an active police officer, who often and regularly engaged in athletic sports such as hockey, baseball, and golf, without any complaints or difficulty with his back; that immediately following the collision he complained of neck and back pains and ever since has suffered from the latter, requiring frequent sedation and medical treatment for it; that the resulting disability has necessitated his retirement from the police force because of inability to perform the duties of a policeman; and that he is unable to do work involving prolonged standing or sitting. In point is the following from *Kanieski* v. *Castantini,* 243 Mich 454, 457:

"Since it appears that for years the plaintiff had been an able-bodied man, enjoying unusual health up to the very hour of the accident, and that from that time on he *was in the physical condition above indicated, it cannot be said that the record is barren of testimony tending to show that the accident was the cause of plaintiff's permanent injury."

We may add that, in the face of such testimony, the evidence cannot be said to preponderate against the judgment for plaintiff. See, also, *Kurtz* v. *Detroit United Railway,* 221 Mich 82.

(2) Defendant says plaintiff pleaded and tried the case on the theory that his back was well before the

collision and that his present disability and back condition are entirely due to it, but that the court entered judgment for him on the theory of aggravation of a pre-existing, congenital condition.  Defendant cites *Wilkinson* v. *Detroit Steel & Spring Works,* 73 Mich 405, and *Fuller* v. *Mayor of Jackson,* 92 Mich 197, as holding that this may not be done by the court.  In those 2 cases the plaintiff was suffering, before the accident, from a malady, and the jury was allowed to consider the possible aggravation thereof which plaintiff had not pleaded nor attempted to prove.  This Court held that to be error.  In the instant case plaintiff was not shown to have been suffering, in any degree whatsoever, the malady or disability, before the collision, which has afflicted him ever since and for which the damages were allowed.  The most that can be said for defendant's contention in this connection is that there were proofs of a pre-existing condition which rendered plaintiff's back more susceptible to injury and less likely to heal than would be true of a normal back.  To such facts the reasoning and holdings in *Wilkinson* and *Fuller* are not apposite.  More in point is *Hall* v. *City of Cadillac,* 114 Mich 99, in which the Court held it error to allow recovery for aggravation of a pre-existing rheumatic condition which had not been pleaded but said of the plaintiff (p 102) "if she actually bruised her knee and hip, the fact that she had rheumatism would not preclude recovery for her pain and suffering, attributable solely to the accident, although she was more susceptible to suffering by reason of her rheumatism."  In the instant case the trial court emphasized in its opinion that its finding for plaintiff was based entirely on plaintiff's theory that his disability was solely the result of injury sustained in the collision and not at all on a theory of aggravation of a pre-existing disability or malady.  There was competent evidence to support

plaintiff's theory, even though the proofs indicated a pre-existing condition which made plaintiff more susceptible to injury and slow to heal. We find no error in this regard.

(3) The proofs show that plaintiff's employer, the city of Detroit, paid plaintiff's medical and hospital expenses of $1,869.72 and his lost wages of $4,124.64. There is also evidence which indicates that the city has commenced suit for these amounts against defendant. Proofs show that plaintiff has not assigned any portion of his claim against defendant to the city. Defendant says plaintiff is not entitled to recover these items. Defendant cites no authorities on this point nor does he expound his theory on it. The holdings in *Motts* v. *Michigan Cab Co.,* 274 Mich 437, and *Michigan Hospital Service* v. *Sharpe,* 339 Mich 357 (43 ALR2d 1167), lead to the opposite conclusion. See, also, *Ford* v. *Kuehne,* 242 Mich 428, and CLS 1956, § 413.15 (Stat Ann 1957 Cum Supp § 17.189).

Affirmed. Costs to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.