### CANNING *v.* HANNAFORD.

1. DAMAGES—LOSS OF EARNING CAPACITY.
    Damages for personal injuries include compensation for loss of earning capacity.

2. PARTNERSHIP—PROFITS—EARNING CAPACITY.
    Partnership profits from which a partner may receive periodic advances in lieu of wages result partially from the working partner's earning capacity.

3. APPEAL AND ERROR—INSTRUCTIONS.
    The Supreme Court must read the charge to a jury as a whole when considering claimed errors relating to instructions given to the jury.

4. AUTOMOBILES—REAR-END  COLLISION—DAMAGES—INSTRUCTIONS—EARNING CAPACITY.
    Instructions given to jury in action arising from rear-end automobile collision wherein plaintiff, a working partner, was injured *held,* to have conveyed to the jury the correct test to be applied for assessment of damages because plaintiff was so injured that he could not perform several of the tasks he had previously performed for the partnership, notwithstanding the trial judge had not used the term *earning capacity* but used the term *wages* in referring to periodic advances plaintiff had received.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 15 Am Jur, Damages § 88 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 894.
[4] 15 Am Jur, Damages § 380.
[6] 15 Am Jur, Damages § 198.

5. Partnership—Damages—Impairment of Earning Capacity.

Plaintiff, a working partner, who was injured in a rear-end collision in such a way as to disable him from performing several of the tasks theretofore performed by him, and who drew as much from the partnership earnings in the year immediately following the accident as in the year prior *held*, entitled to damages based on diminution of earning capacity, since had he not been partially disabled he would have had higher earnings.

6. Damages—Mitigation—Earning Capacity.

The fact that a contract of employment or an employer's generosity determines the continuation of payment of wages during a period of incapacity does not operate to mitigate or diminish damages payable by a tort-feasor for loss of earning capacity.

Appeal from Oakland; Adams (Clark J.), J. Submitted November 6, 1963. (Calendar No. 56, Docket No. 49,640.) Decided May 4, 1964.

Case by Walter Canning against Stephen Hannaford and Gerald Hannaford for personal injuries sustained in collision of automobiles. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Dann, Rosenbaum, Bloom & Kaufman,* for plaintiff.

*Ward, Plunkett & Cooney (John D. Peacock,* of counsel), for defendants.

Kavanagh, C. J. Plaintiff Walter Canning sued on August 19, 1960, for damages for medical expenses, loss of earnings, and impairment of earning capacity, and pain and suffering allegedly resulting from injuries sustained when the car which he was driving was struck from the rear by a car driven by defendant Stephen Hannaford with permission of the owner, defendant Gerald Hannaford. The car

driven by plaintiff was owned by Henze Machine & Tool Company, a Michigan partnership, of which plaintiff and his brother were the only partners.

The accident occurred on August 22, 1957, when plaintiff and defendant were both traveling west on West Fourteen Mile road in the city of Clawson. It is undisputed on appeal that plaintiff stopped on the pavement because of traffic conditions and the defendants' auto struck plaintiff's in the rear.

Plaintiff's declaration alleged negligence on the part of defendant driver, and defendants' answer claimed contributory negligence by plaintiff in the form of a sudden and unexpected stop. Plaintiff was awarded a verdict of $8,000, and judgment was entered thereon. Defendants' motion for a new trial, based in part on a claim of error in jury instructions, was denied. From denial of this motion, defendants are appealing.

The only claims of error raised on appeal by defendants are: (1) the submission by the court to the jury of the question of lost wages, allegedly without any proof that plaintiff lost wages, and (2) the use by the court of the charge, requested by plaintiff, that plaintiff's claim for lost earnings should not necessarily be reduced because plaintiff continued to draw advances against the earnings of the partnership.

The point of departure from which defendants claim this case is distinguishable from cases which generally hold that lost earnings are compensable in damages from a tortfeasor whose act has caused the loss is that plaintiff's compensation for his work as a partner was not in the form of wages or salary, which are the types of compensation the loss of which has, by previous decision in this State, been deemed compensable in damages upon proper proof of loss. The applicable rule of damages provides compensation for loss of earning capacity. See

*Prince* v. *Lott,* 369 Mich 606, 610, and cases therein cited. Salary and wages are only 2 types of earnings. The partnership profits from which plaintiff received his periodic advances (in lieu of wages) result partially from plaintiff's earning capacity. Although the trial court did not employ the proper technical term "earning capacity," no reversible error was committed by the use of the term "wages" in the charge because the periodic advances drawn by plaintiff resembled wages. Reading the charge as a whole, as we are required to do (*Reynolds* v. *Majewski,* 351 Mich 492, 497), we conclude the trial judge conveyed to the jury the correct test to be applied, namely, that of earning capacity.

There was undisputed testimony in this case that as a result of the injury plaintiff could not perform several of the tasks which he had previously performed for the partnership. Defendant, however, points out that in the year immediately following the injury plaintiff received as much from his share of partnership earnings as in the year before the injury and that plaintiff admitted that rises and drops in earnings in the business depend on many factors, mostly economic ones.

While in this case no clear proof of diminution of actual earnings was had, there was sufficient proof of curtailment of plaintiff's activities, from which proof the jury could properly determine that the partnership, and hence the plaintiff partner, would have had higher earnings had plaintiff not been injured. Therefore, the question was properly submitted to the jury.

In regard to defendants' second claim of error— that the court erroneously charged the jury not to consider earnings received as mitigating any damages awarded—this Court has previously spoken approvingly of the Wisconsin court's ruling in *Campbell* v. *Sutliff,* 193 Wis 370 (214 NW 374, 53

ALR 771), that loss of wages are not to be mitigated because a contract of employment requires or an employer's generosity determines the continuation of payment of wages during a period of incapacity:

"The prevailing doctrine in this country, however, is that when the salary or wages of an injured person is paid by his employer during the time he is unable to perform services by reason of his injuries, that such payment is no ground for mitigation or diminution of the damages to be paid by one who caused the injury." *Motts* v. *Michigan Cab Company,* 274 Mich 437, 443, 444.

Defendants argue, however, that the compensation received by plaintiff during his alleged incapacity was not in the form of a gratuity nor the result of an employment contract. The proofs showed that the tasks which plaintiff was prevented by the injury from performing were done by his partner brother or an employee, but that plaintiff continued to draw half the partnership earnings. Since the partnership agreement is not part of the record here, it is not known whether it provided for continuation of payment of earnings to an incapacitated partner. If it did so provide, it would be equivalent to an employment contract under the *Motts* doctrine. In the event no such contractual provision existed, we do not comprehend how a continued level of compensation could be maintained to a less efficient worker without some degree of gratuity. The fact remains that plaintiff was unable to do certain work and other employees were required to do it. The jury could properly have found that this resulted in immediate loss to the partnership and ultimate loss to plaintiff. Therefore, the trial court correctly charged the jury not to consider earnings received as mitigating in regard to damages for earnings lost.

The trial court did not err in denying defendants' motion for a new trial.

Judgment affirmed. Costs to appellee.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.

ADAMS, J., took no part in the decision of this case.