SQUIRES *v.* KALAMAZOO COUNTY ROAD COMMISSIONERS.

Highways and Streets—Negligence—County Road Commissioners —Insurance.

> Plaintiff's right to damages in negligence action against defendant highway commissioners for injuries sustained in auto collision allegedly caused by negligent upkeep of intersection and approaches *held,* not to be diminished by fact that plaintiff may have been wholly or partly indemnified through insurance effected and paid for by plaintiff.

Appeal from an order of Court of Appeals; Division 3, Holbrook, P. J., Burns, and Fitzgerald, JJ., denying leave to appeal from Kalamazoo; Fox (Ray-

References for Points in Headnote
22 Am Jur 2d, Damages §§ 206, 210.

mond W.), J. Application for leave to appeal submitted October 11, 1966. (Docket No. 51,597.) Decided January 4, 1967.

Complaint by Gerald L. Squires, individually and as next friend of Cecilia J. Squires, a minor, and others, against the Board of County Road Commissioners of Kalamazoo County for damages sustained by plaintiffs in an automobile collision allegedly caused by unsafe highway conditions. Motion of plaintiff Squires to strike a portion of defendant's answer was denied. Plaintiff Squires appealed. Leave to appeal was denied by the Court of Appeals. Plaintiff Squires seeks leave to appeal. The Supreme Court, on its own motion, directs entry by Court of Appeals of an order vacating the order appealed from and granting the motion to strike.

*Eugene Field* and *Lloyd D. Yenner,* for plaintiff Squires.

*Troff, Lilly, Bonow, Piatt & File,* for defendant.

PER CURIAM. Plaintiffs sued defendant for damages arising out of an automotive collision. Their essential allegation, summarized by counsel, is that the defendant board of county road commissioners "negligently and carelessly caused the intersection of Ravine road and B avenue and the approaches thereto from the south and the west to be in a dangerous and unsafe condition," which condition caused the collision. The following portion of defendant's answer poses the question plaintiff Gerald L. Squires and plaintiff Cecilia J. Brower (formerly Squires) would review:

"that the plaintiff and/or his agents, attorneys and Cecilia Squires, whose married name is Cecilia J. Brower, have made a claim for injuries sustained by the said Cecilia J. Squires, now Brower, as a result of the negligence and liability of Lewis J. Folk, and that a determination has been made determining that the said Lewis J. Folk was guilty of negligence which was a proximate cause of her injuries, and that said plaintiff, Gerald Squires and/or Cecilia J. Squires, now Brower, have been paid as a result of said claim the sum of $10,000, and that said plaintiffs, having participated in said determination, are bound thereby."

The named plaintiffs moved to strike the above from defendant's answer. The motion was denied in circuit. Leave to appeal was denied by the Court of Appeals. The two movants apply to this Court for leave to appeal.

The issue submitted by the application arose out of so-called uninsured motorist coverage. The opinion of the circuit judge proceeds:

"Under the terms of the policy, plaintiffs Squires filed a claim against its [their] insurance carrier (State Farm), and after an arbitration hearing plaintiffs Squires were awarded $10,000. Under the terms of the policy of insurance, State Farm is entitled to $10,000 of the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of plaintiffs Squires against any person or organization legally responsible for the bodily injury because of which the $10,000 payment was made by State Farm."

In lieu of leave and on motion of the Court (see GCR 1963, 853.2[4]) the Court of Appeals is directed to enter an order vacating the circuit court's order of June 23, 1966, and granting movants' motion to strike all of the quoted portion of defendant's said answer. This Court holds that the right to dam-

ages for wrongs, such as plaintiffs Gerald L. Squires and Cecilia J. Brower allege against the defendant Board of Road Commissioners, is not to be diminished by the fact that they, plaintiffs Gerald L. Squires and Cecilia J. Brower, either or both, have been wholly or partly indemnified by insurance effected and paid for by plaintiff Gerald L. Squires. See Justice COOLEY's reasoning in *Perrott v. Shearer,* 17 Mich 48 and *Motts v. Michigan Cab Co.,* 274 Mich 437, *Royer v. Eskovitz,* 358 Mich 279 (2 ALR 3d 286) and *Canning v. Hannaford,* 373 Mich 41.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.

BRENNAN, J., took no part in the decision of this case.