AMERICAN EMPLOYERS INSURANCE COMPANY v OWENS

OPINION OF THE COURT

1. DAMAGES—DEFINITION.
    The basic concept of damages is compensation for loss sustained
    from the wrong of another.

2. DAMAGES—LOSS SUSTAINED—SUBROGATION—INSURANCE—CONDEM-
    NATION.
    An insurance company subrogated to the rights of its insured is
    in no better position than its insured; therefore, even though
    an insurance company had paid for repairs to a home damaged
    by the defendants, where the insured homeowner suffered no
    loss from the wrongdoing of the defendants in that she had
    been paid full value for the property by a subsequent condem-
    nation award, the subrogee could show no loss and was not
    entitled to damages.

DISSENT BY O'HARA, J.

3. DAMAGES—LOSS SUSTAINED—SUBROGATION—INSURANCE—CONDEM-
    NATION.
    *The amount of a condemnation award received by an insured
    homeowner subsequent to payment by the insurance company
    for damages to the home caused by a tortfeasor has nothing to
    do with her case or her subrogee's case against the tortfeasor; a
    plaintiff who receives benefits, whatever the form, from a
    source independent of the wrongdoer does not thereby diminish
    the damages otherwise recoverable from the tortfeasor.*

Appeal from Saginaw, Hazen R. Armstrong, J.
Submitted Division 3 April 4, 1973, at Lansing.
(Docket No. 14279.) Decided June 27, 1973. Leave
to appeal denied, 390 Mich —.

Complaint by American Employers Insurance

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Damages §§ 1, 5, 11.
[2, 3] 22 Am Jur 2d, Damages § 211.

Company as subrogee of its insured, Mary T. Wedding, against James Owens and Shirley Owens for damages. Judgment for plaintiff in part and for defendants in part. Plaintiff appeals. Affirmed.

*Chaklos, Jungerheld, Hoffman & O'Neill,* for plaintiff.

*Collison & Fordney,* for defendants.

Before: McGREGOR, P. J., and QUINN and O'HARA,* JJ.

QUINN, J. Plaintiff appeals from a judgment which disallowed $2,904.35 of its claim against defendants.

The facts are not disputed. Plaintiff insured the home and contents of Mary T. Wedding. This home was adjacent to the Masonic Hall and both properties had been condemned. The Wedding home was appraised in the condemnation proceedings on February 27, 1967, at $21,600. The condemnor had offered $19,000 which was not accepted.

Defendants were razing the Masonic Hall. On January 31, 1968, a wall of the hall collapsed damaging the Wedding house. Thereafter, plaintiff paid Mary T. Wedding $3,980.35 in personal and property damage claims of which $2,904.35 was for damage to the home. Mary T. Wedding executed a subrogation agreement to plaintiff.

The only repairs made to the Wedding house were temporary and she continued to live in it. In October 1968, Mary T. Wedding was awarded $21,-600 as compensation for the taking of her property.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Plaintiff filed this action as subrogee of Mary T. Wedding on February 27, 1969. Following trial, the trial court found that plaintiff had proved no damages with respect to the Wedding house because of the condemnation proceedings and disallowed the $2,904.35 that plaintiff had paid to Mary T. Wedding for damages to the house.

On appeal, plaintiff argues that the trial court used the wrong measure of damages; that the damages to the house were repairable and the proper measure of damages was the cost of repairs which was proven; plaintiff cites authority supporting this position. We agree with plaintiff's position on the proper measure of damages, but that does not establish that the trial court was wrong in the result that it reached.

The basic concept of damages is compensation for loss sustained from the wrong of another. In each of the authorities relied on by plaintiff, loss was shown and the measure of damages question was reached. If no loss is shown, the measure of damages question is irrelevant. In this case the loss we are concerned with is the loss, if any, shown to have been suffered by Mary T. Wedding because of defendants' wrongdoing.

Plaintiff is in no better position than Mary T. Wedding, *Hardware Dealers Mutual Insurance Co v R H Hidey, Inc,* 349 Mich 490; 84 NW2d 795 (1957). At the time this action was filed, Mary T. Wedding had suffered no loss from the wrongdoing of defendants; she had been paid full value for the property which was damaged.

Relying on *Squires v Kalamazoo County Road Commissioners,* 378 Mich 613; 147 NW2d 65 (1967), plaintiff next argues that defendants cannot benefit from the fact that Mary T. Wedding was indemnified by the condemnation award. We

do not accept this argument because if loss has not been shown, the question raised by this argument is never reached.

Affirmed with costs to defendants.

McGREGOR, P. J., concurred.

O'HARA, J. *(dissenting).* Mary T. Wedding was injured in person and property by the negligent acts of Owens Demolition Company.

In consequence of her loss her insurer paid her the amount for which it was liable under its policy. The insurer became subrogated to her right of action against the tortfeasor and sued. Recovery was denied because the trial court found the insurer proved no damages. The theory was that because the insured, Wedding, received a condemnation award in the amount at which her property was appraised she suffered no damages. Ergo neither did her subrogee.

Such is not the law of this state as I understand it. If she had received more than the appraised value of her property in the condemnation proceedings would she be expected to pay her insurer back the money it paid her under the policy? The amount of the condemnation award has nothing to do with her case or her subrogee's case against the tortfeasor. As the Supreme Court said in *Squires v Kalamazoo County Road Commissioners,* 378 Mich 613, 615–616; 147 NW2d 65, 66 (1967):

"This Court holds that the right to damages for wrongs, such as plaintiffs Gerald L. Squires and Cecilia J. Brower allege against the defendant Board of Road Commissioners, is not to be diminished by the fact that they, plaintiffs Gerald L. Squires and Cecilia J. Brower, either or both, have been wholly or partly indemnified by insurance effected and paid for by plaintiff Gerald L. Squires. See Justice COOLEY's reasoning in *Perrott v*

*Shearer,* 17 Mich 48 [1868] and *Motts v Michigan Cab Co,* 274 Mich 437 [264 NW 855 (1936)]; *Royer v Eskovitz,* 358 Mich 279; 2 ALR3d 286 [100 NW2d 306 (1960)] and *Canning v Hannaford,* 373 Mich 41 [127 NW2d 851 (1964)]."

See also *Bourdon v Read,* 30 Mich App 681, 685; 186 NW2d 737, 739 (1971):

"the 'collateral source' rule [states] that a plaintiff who receives benefits, *whatever the form,* from a source independent of the wrongdoer does not thereby diminish the damages otherwise recoverable *from the tort feasor.* " (Emphasis supplied.)

As Judge QUINN notes, plaintiff is in no better position than Mary T. Wedding. Neither is it in any worse position. I gather the majority holds their rights are identical.

I would reverse and remand the case for entry of judgment for plaintiff in the amount of its payment to its insured, less the amount the insurer previously recovered.

Costs to the plaintiff.