# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 8, 2016

149494 & (50)

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

MAKENZIE GREER, a Minor,
KENNETH GREER, Individually and
as Conservator, and ELIZABETH
GREER,
        Plaintiffs-Appellees/
        Cross-Appellants,

v

ADVANTAGE HEALTH and ANITA
R. AVERY, M.D.,
        Defendants-Appellants/
        Cross-Appellees,
and

TRINITY HEALTH MICHIGAN, d/b/a
ST. MARY'S HOSPITAL and KRISTINA
MIXER, M.D.,
        Defendants.

_____/

SC: 149494
COA: 312655
Kent CC: 10-009033-NH

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of December 10, 2014. The application for leave to appeal the May 13, 2014 judgment of the Court of Appeals and the application for leave to appeal as cross-appellants are DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.

ZAHRA, J. (*concurring*).

I concur in the majority's conclusion that leave to appeal was improvidently granted in this case. I write separately to bring this case to the attention of the Legislature. To the extent the Legislature did not intend MCL 600.6303(4) to exclude from the statutory collateral-source rule anything greater than the actual amount of a contractual lien exercised by a lienholder, it needs to amend the statute to expressly state its intent.

" '[T]he common-law collateral-source rule provides that the recovery of damages from a tortfeasor is not reduced by the plaintiff's receipt of money in compensation for

his injuries from other sources.' "[1] The rule was first recognized in 1854, at about the same time the theory of liability based on fault was established.[2] Under the common-law rule, an injured person was allowed to retain the proceeds of insurance paid to him or her as a policyholder and recover a second time from a tortfeasor.[3] The justifications underlying the common-law rule included its punishment objective and deterrent effect in tort law.[4]

In 1986, the Legislature abrogated the common-law collateral-source rule for tort claims when it enacted MCL 600.6303 (the statutory collateral-source rule) as part of a wave of comprehensive tort reforms.[5] In contrast to the common-law rule, the statute

---

[1] *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 58 (1990), quoting *Tebo v Havlik*, 418 Mich 350, 366 (1984) (opinion by BRICKLEY, J.); see also *Motts v Mich Cab Co,* 274 Mich 437, 443-446 (1936).

[2] See *Propeller Monticello v Mollison*, 58 US (17 How) 152, 155 (1854) (often credited as the first case applying the common-law collateral-source rule); Comment, *The Collateral Source Rule: Double Recovery and Indifference to Societal Interests in the Law of Tort Damages*, 2 U Puget Sound L Rev 197, 198-199 (1978) (noting *Propeller Monticello* as the first United States case recognizing the collateral-source rule).

[3] *Tebo*, 418 Mich at 366 (opinion by BRICKLEY, J.). See also Senate Select Committee on Civil Justice Reform, *A Report on Civil Justice in Michigan* (presented to the Michigan Senate on September 26, 1985, in fulfillment of Senate Resolution No. 204).

[4] See 4 Restatement Torts, 2d, § 901(c), p 451 (stating that one of the purposes of tort damages is to "punish wrongdoers and deter wrongful conduct"). See also *Perrott v Shearer,* 17 Mich 48, 55-56 (1868); *Gypsum Carrier, Inc v Handelsman*, 307 F2d 525, 534 (CA 9, 1962).

[5] MCL 600.6303 provides in relevant part:

> (1) In a personal injury action in which the plaintiff seeks to recover for the expense of medical care, rehabilitation services, loss of earnings, loss of earning capacity, or other economic loss, evidence to establish that the expense or loss was paid or is payable, in whole or in part, by a collateral source shall be admissible to the court in which the action was brought after a verdict for the plaintiff and before a judgment is entered on the verdict. Subject to subsection (5), if the court determines that all or part of the plaintiff's expense or loss has been paid or is payable by a collateral source, the court shall reduce that portion of the judgment which represents damages paid or payable by a collateral source by an amount equal to the sum determined pursuant to subsection (2). This reduction shall not exceed

allows for the reduction of a plaintiff's award for past economic damages by payments from collateral sources after a verdict has been rendered. The legislative intent in enacting the statutory collateral-source rule was "to prevent personal injury plaintiffs from being compensated twice for the same injury."[6] Given this legislative purpose, it seems counterintuitive that the Legislature would enact the statute with a loophole that permits a plaintiff to recover for medical expenses never owed or paid.

In this case, the Court of Appeals determined that the negotiated insurance discounts, which reduced the amount of the medical expenses that plaintiffs would otherwise have been responsible to pay, are " '*benefits received or receivable* from an insurance policy' and, therefore, a 'collateral source' within the meaning of the first sentence of MCL 600.6303(4)."[7] The Court of Appeals further determined that "the insurance discounts are also '*benefits paid or payable*' within the plain and ordinary

---

the amount of the judgment for economic loss or that portion of the verdict which represents damages paid or payable by a collateral source.

* * *

(4) As used in this section, "collateral source" means benefits received or receivable from an insurance policy; benefits payable pursuant to a contract with a health care corporation, dental care corporation, or health maintenance organization; employee benefits; social security benefits; worker's compensation benefits; or medicare benefits. Collateral source does not include life insurance benefits or benefits paid by a person, partnership, association, corporation, or other legal entity entitled by law to a lien against the proceeds of a recovery by a plaintiff in a civil action for damages. Collateral source does not include benefits paid or payable by a person, partnership, association, corporation, or other legal entity entitled by contract to a lien against the proceeds of a recovery by a plaintiff in a civil action for damages, if the contractual lien has been exercised pursuant to subsection (3).

[6] *Heinz v Chicago Rd Investment Co*, 216 Mich App 289, 301 (1996). See also *State Auto Mut Ins Co v Fieger,* 477 Mich 1068, 1072 (2007) (statement by YOUNG, J., concurring).

[7] *Greer v Advantage Health*, 305 Mich App 192, 210 (2014) (emphasis added).

meaning of the last sentence of [MCL 600.6303(4)]."[8] The Court then held that under the terms of the exclusion from the statutory collateral-source rule stated in MCL 600.6303(4), when a contractual lien is exercised, as was the case here by defendants, the exclusion "applies to all benefits that were paid or payable" by the entity entitled to the lien.[9]

This result is at odds with my understanding of the purpose of the collateral-source statute. As is evident from the Court of Appeals' opinion, the Legislature did not expressly limit its exclusion from the collateral-source rule to the amount actually paid for medical services by the lienholder. The Court of Appeals' opinion will ultimately authorize some amount of recovery for medical expenses never incurred by injured plaintiffs. The Legislature may have assumed that the statutory exclusion from the collateral-source rule for contractual liens would be limited to the actual amount paid for full satisfaction of medical care. Perhaps the Legislature did not anticipate that payment of a discounted amount that fully satisfied the amount due for medical care would bring within the collateral-source exclusion the healthcare providers' original asking price for the medical care provided. To the extent that the Legislature did not intend to allow a windfall recovery of the retail price for medical services that were provided at a discount, the statute needs to be amended.

YOUNG, C.J., and MARKMAN, J., join in the statement of ZAHRA, J.

---

[8] *Id*. at 211 (emphasis added).

[9] *Id*. at 213. The Court of Appeals held that "both the cash payments and discount, i.e., the 'benefits received or receivable from an insurance policy,' are excluded as statutory collateral source benefits." *Id.* at 212. The Court noted that the Legislature did not "write the statute to say that the [MCL 600.6303(4)] collateral source exclusion is limited to the 'amount of' a validly exercised lien." *Id*. The Court concluded that when a contractual lien is exercised, the exclusion from the statutory collateral-source rule of MCL 600.6303(4) is not limited to the amount of the lien, but rather applies to all benefits that were "paid or payable" and "received or receivable from an insurance policy." *Id*. at 212-213.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 8, 2016



Clerk

t0705