BOHANNON *v* CAMPBELL

1. Appeal and Error—Interlocutory Orders—Accelerated Judgment.

Denial of defendant tavern owner's motion for accelerated judgment to dismiss another defendant's cross-claim against him for indemnity on the basis that the statute of limitations of the dramshop act barred the action was not a final judgment but an interlocutory order reviewable by the Court of Appeals only on application for leave to appeal, because the denial of the motion did not determine the tavern owner's liability on the merits (GCR 1963, 806.2).

2. Damages—Measure—Independent Sources.

Diminution of recovery from a tortfeasor by sums the injured party has received from independent sources is, as a general rule, not permitted.

3. Damages—Measure—Independent Sources.

A defendant whose liability is imposed by the dramshop act is not entitled to have the damages recoverable against him diminished by sums the injured party has received from independent sources.

Appeal from Muskegon, Albert J .Engel, J. Submitted Division 3 January 6, 1972, at Grand Rapids. (Docket Nos. 10298, 10553.) Decided February 23, 1972.

Complaint by Raymond K. Bohannon against Donald R. Campbell, James Campbell, and Raymond Chahorski for damages sustained from an

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 47.
[2, 3] 22 Am Jur 2d, Damages § 206 *et seq.*

automobile accident. The Secretary of State was allowed to intervene for the Motor Vehicle Accident Claim Fund. Defendant James Campbell cross-claimed against Chahorski for indemnity. Chahorski's motion for accelerated judgment on the cross-claim denied. Judgment for plaintiff. A writ of garnishment was granted against Transamerica Insurance Company, Chahorski's insurer. Defendant Chahorski and Transamerica appeal. Affirmed.

*Jerome R. Sanford & Edward C. Wilson,* for plaintiff.

*White, Spaniola, Knudsen & Stariha,* for defendant Chahorski and Transamerica Insurance Co.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke,* Assistant Attorney General, and *G. Thomas Johnson,* Special Assistant Attorney General, for intervening defendant Secretary of State.

Before: FITZGERALD, P. J., and R. B. BURNS and TARGONSKI,* JJ.

R. B. BURNS, J. Plaintiff sought damages sustained in an accident occurring on November 4, 1967. He filed suit against three defendants: Donald R. Campbell, the alleged negligent driver of the other automobile; James Campbell, defendant's father and owner of the other automobile which Donald was driving; and Raymond C. Chahorski, d/b/a** Eastgate Inn which was alleged to have served in-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.
** d/b/a = doing business as.—REPORTER.

toxicating beverages to Donald while he was in an intoxicated condition and while he was under the age of 21 years.

On June 24, 1970, the defendant, James Campbell, filed a cross-claim against Raymond C. Chahorski, d/b/a Eastgate Inn, seeking indemnity from the tavern for any damages which James Campbell might suffer as the owner of the car which Donald was driving.

Chahorski moved for an accelerated judgment on the cross-claim on the basis that the statute of limitation imposed by the dramshop act (MCLA 436.22; MSA 18.993) barred the action. The motion was denied.

Both Donald and James Campbell were uninsured motorists and the Michigan Secretary of State intervened as a party defendant for the Motor Vehicle Accident Claims Fund.

Subsequent to the accident, but prior to the suit, plaintiff received from his own insurance company, under an uninsured motorists provision, the sum of $10,000, and $3,365.68 in sick pay benefits under a group insurance program maintained by his employer. Defendants did not ask that the sums be set off or considered in the principal suit.

The jury returned a verdict in favor of plaintiff and a judgment was entered against Donald Campbell in the sum of $17,500. A second judgment was entered against James Campbell in the sum of $17,-500 and a third judgment was entered against Raymond Chahorski, doing business as Eastgate Inn, in the sum of $17,500.

Plaintiff filed a writ of garnishment against Transamerica Insurance Co., Eastgate's insurance carrier under its liquor bond (maximum liability $5,000). Transamerica denied liability.

The trial court granted a judgment against Transamerica Insurance Co., the garnishee defendant, in the amount of $5,000.

Defendant Chahorski appeals the trial court's denial of his motion for an accelerated judgment to dismiss James Campbell's cross-claim on the basis that the two-year statute of limitation as set out in the dramshop act, *supra*, had expired.

The cross-claim filed by James Campbell against Chahorski has not been determined on its merits. Denial of Chahorski's motion for an accelerated judgment was not a final judgment disposing of the issue but an interlocutory order. Interlocutory orders are reviewed in this Court on application for leave to appeal. GCR 1963, 806.2. Defendant Chahorski's claim of appeal on the issue is premature.

Defendant Chahorski[1] also contends that he is entitled to have the amounts collected by the plaintiff from (a) his own insurance carrier under the uninsured motorists provision contained in his insurance policy, (b) a group insurance program maintained by the plaintiff's employer, and (c) the Motor Vehicle Accident Claims Fund, set-off against his liability to plaintiff under the dramshop act, *supra*.

As a general rule the diminution of recovery from a tortfeasor by sums the injured party has received from independent sources is not permitted. *Squires* v *Kalamazoo County Road Commissioners,* 378 Mich 613 (1967). The policy supporting this rule was quoted from *Campbell* v *Sutliff,* 193 Wis 370, 214 NW 374; 53 ALR 771 (1927), in the case of *Motts* v *Michigan Cab Co,* 274 Mich 437, 445 (1936):

---

[1] Defendant Chahorski's insurer, Transamerica, joined in Chahorski's appeal.

" 'We see no reason why one whose acts have caused injury to another should reap the entire benefit that comes from the payment of wages made by an employer, either as a gratuity to a faithful employee or because such payments are required by contract. Such payments do not change the nature of the injury which the employee sustains through the wrongful acts of the tortfeasor. If either is to profit by the payments made by the employer, it should be the person who has been injured —not the one whose *wrongful* acts caused the injury.' " (Emphasis supplied.)

In refuting *Motts'* applicability, garnishee-defendant argues that a tavern's liability is based on statute, *i.e.*, the dramshop act, not upon active wrongdoing. While it is true that the dramshop act derogated the common-law rule of lack of liability, we cannot agree with defendant's insistance that a tavern owner is free from any wrongdoing.

Affirmed. Costs to plaintiff.

All concurred.