WALTER C. BEAIRD *et al.*, Plaintiffs-Appellees, *v.* LEONARD BROWN, d/b/a North Shore Inn & Marina, Defendant-Appellant.

Third District   No. 77-230

Opinion filed March 13, 1978.

Joel A. Deutsch, of Deutsch & Deutsch, of Rock Island, for appellant.

Dennis A. Deporter, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

Consistent with the jury's verdict, the Circuit Court of Rock Island County entered a judgment against the defendant, Leonard Brown, doing business as the North Shore Inn and Marina, for the plaintiff, Walter C. Beaird, in the amount of $2,023.26 plus costs, and for the plaintiff, Jacqueline M. Beaird, in the amount of $3,759.55 plus costs. This action was brought pursuant to the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, par. 94 *et seq.*) which incorporated the Dramshop Act of 1874.

Subsequently, the defendant filed a motion for a $5,100 credit against the judgment for funds received by the plaintiffs, $5,000 from their insurance carrier under their uninsured motorist coverage and a release-trust agreement between the plaintiffs and the insurance company and an additional $100 received, in consideration of a covenant not to sue, from George Cutler, the uninsured motorist. This post-trial motion was denied in its entirety.

The release-trust agreement provides, in pertinent part:

"We, for the sole consideration of Five Thousand and no/100 dollars ($5,000) to be paid by Central Security Mutual Insurance Company, hereinafter called the Company, the undersigned in the capacity of insured, do hereby release and for ever discharge the Company from any and all claims under the Uninsured Motorist Protection coverage * * * issued by the Company to Walter Beaird, and resulting from an accident which occurred on May 10, 1975, at or near Rock Island County, Illinois.

We, further agree, individually, or as designated above, in accordance with the terms of said coverage, to take, through

representatives designed by the Company, and at the sole expense of the Company, such action as may be necessary or appropriate to recover from the owner or operator, or person or organization responsible for the operation of such uninsured automobile the damages resulting from such injury or death, and further agree to hold any monies in excess of Two Thousand dollars ($2,000) received as the result of settlement or judgment in trust for the Company, to be paid to the Company immediately upon same coming into our hands; provided that any sum received in excess of the amount paid by the Company, including legal or other expenses incurred by it in completing the recovery, shall be retained by us."

In this appeal, the defendant contends the trial court erred by failing to setoff the amounts from the judgment. The plaintiffs, in their brief, admit that the defendant is entitled to a credit of $100, the amount received by the plaintiffs under the covenant not to sue. However, the plaintiffs continue to dispute any other right of setoff claimed by the defendant.

■■ As a general policy, the courts of this State recognize that an injured party is entitled to the full amount of any recovery. Therefore, if the injured plaintiff is required to repay his insurance company for any amount received under the uninsured motorist coverage, there should be no setoff against the judgment. On the other hand, it is a general rule of tort law that the injured plaintiff is entitled to receive no more than the amount of the judgment from or on behalf of joint tortfeasors. The defendant suggests that the plaintiffs received $5,100 to be applied toward the judgments which represent the total amount to which they were entitled. The defendant further suggests that the insurance company in this case has waived its right to subrogation in one of two ways by reason of the language of the release-trust agreement. Either, according to the defendant, the release-trust agreement should be read as a release of the insurance company's right to subrogation to the extent of at least the first $2,000 recovered, or it entirely released the insurance company's right of subrogation in this case because it provided for subrogation in monies received as a result of settlement with, or a judgment against, "the owner or operator, or person or organization responsible for the operation of such uninsured automobile." The defendant claims that, to the extent the insurance company released its right of subrogation, the plaintiff would receive more compensation than the amount of the judgment from or on behalf of the tortfeasors, the payment of the insurance company being on the behalf of the uninsured motorist.

■■■ The statutues of this State now require that all automobile liability policies include uninsured motorist coverage (Ill. Rev. Stat. 1975, ch. 73, par. 755a(1)), and allow to the insurer a right of subrogation in any

recovery against the uninsured motorist to the extent the insurer makes payments under the uninsured motorist coverage. (Ill. Rev. Stat. 1975, ch. 73, par. 755a(3).) However, we need not decide whether the waiver of the right to subrogation by the insurer entitles the defendant to a reduction of the judgment against him because we find that payments received by the plaintiffs pursuant to their uninsured motorist coverage were received from a collateral source.

"[B]enefits received by the plaintiff from a source wholly independent of and collateral to the wrongdoer will not diminish the damages otherwise recoverable." (*Bireline v. Espenscheid* (3d Dist. 1973), 15 Ill. App. 3d 368, 370, 304 N.E.2d 508, 510; 22 Am. Jur. 2d *Damages* §206 (1965).) Were the plaintiffs to seek recovery from their insurer, such a recovery would be based on contract law and would be made possible by the insured's payment of premiums. On the other hand, a recovery against the uninsured motorist would be founded in tort law. In this case, a statutory remedy is relied upon by the plaintiffs to recover against the defendant. To allow the defendant to reduce his liability because the plaintiffs exercised a contract right of recovery against their insurer, a right for which the plaintiffs paid consideration in the form of premiums, would be an unjust enrichment of the defendant. See *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 269 N.E.2d 295 (Justice Ward's dissent).

Nor are we concerned that the insurer may have waived its right to subrogation. It is logical to infer that the insured gave consideration for any waiver of subrogation by the insurer. (See *Stryker v. State Farm Mutual Automobile Insurance Co.* (2d Dist. 1977), 50 Ill. App. 3d 879, 365 N.E.2d 1186 (Justice Rechenmacher's dissent).) And in this case, the plaintiffs received less than the minimum amount of uninsured motorist coverage. As long as the defendant is protected from a second recovery by the plaintiff's insurer, distribution of the proceeds from the judgment is a matter to be decided only by the insurer and the insured.

■■ Therefore, the trial court should have setoff only the amount given by the uninsured motorist tortfeasor for the covenant not to sue, $100, against the total judgment of $5,782.81. Applying the powers vested in this court by Supreme Court Rule 366 (Ill. Rev. Stat. 1975, ch. 110A, par. 366), we order the judgment of the Circuit Court of Rock Island County modified to reflect this setoff, and that judgment is affirmed as modified.

Affirmed as modified.

ALLOY, P. J., and STOUDER, J., concur.