TEBO v HAVLIK

Docket No. 52297. Submitted June 9, 1981, at Lansing.—Decided
September 10, 1981. Leave to appeal applied for.

Dorothy E. Tebo was injured when the car she was driving was
struck by an automobile driven by Edward Joseph Havlik. Tebo
was reimbursed for her medical expenses and economic losses
under the personal protection insurance coverage of her no-
fault insurance policy. Dorothy Tebo and her husband filed an
action in Saginaw Circuit Court against Havlik for negligence
and against Steven Brimmer and Gerald Forbes, doing business
as Long Branch Bar, and Fred Denter, doing business as
Oakley Liquor Bar, under the dramshop act based upon their
alleged unlawful sale of intoxicants to Havlik prior to the
accident. Defendant Denter filed a motion *in limine* requesting
the exclusion of evidence of medical expenses and economic
losses claimed by the plaintiffs to the extent that such items
were paid by Dorothy Tebo's insurance carrier. Hazen R. Arm-
strong, J., granted this motion. The plaintiffs appeal by leave
granted. *Held:*

The trial court erred in granting the defendants' motion *in
limine* excluding evidence of Mrs. Tebo's medical expenses and
economic losses. The alleged liability of the dramshop defen-
dants did not arise out of the ownership, maintenance or use of
a motor vehicle but instead stemmed from their alleged unlaw-
ful furnishing of liquor to a visibly intoxicated person.

Reversed and remanded.

1. TORTS — COLLATERAL SOURCE RULE.

The collateral source rule provides that compensation due a party
from an independent source other than the wrongdoer does not
operate to lessen damages recoverable from the wrongdoer.

2. TORTS — COLLATERAL SOURCE RULE.

The rationale for applying the collateral source rule to bar a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 22 Am Jur 2d, Damages § 206.
[2] 22 Am Jur 2d, Damages § 210.
[3] 45 Am Jur 2d, Intoxicating Liquors §§ 561, 566, 578.

setoff against damages recoverable from a tortfeasor of payments received by the injured plaintiff under an insurance policy providing coverage for the losses caused by the defendant is that to allow the defendant to reduce his liability because a plaintiff exercised a contract right of recovery against his insurer, a right for which the plaintiff paid consideration in the form of premiums, would be an unjust enrichment of the defendant.

3. TORTS — DRAMSHOP ACT.

Liability of a bar owner in an action under the dramshop act does not arise out of the ownership, maintenance or use of a motor vehicle but instead stems from his unlawfully furnishing liquor to a visibly intoxicated person.

*Smith, Bovill, Fisher & Meyer, P.C.* (by *James T. Borchard*), for plaintiffs.

*Smith & Brooker, P.C.* (by *Michael J. Huffman* and *Mona C. Doyle*), for defendant Fred Denter doing business as Oakley Liquor Bar.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

DANHOF, C.J. Plaintiffs appeal by leave granted from a trial court order excluding evidence of medical expenses and economic losses in a dramshop action.

Plaintiff Dorothy E. Tebo was injured when the car she was driving was struck by another automobile driven by defendant Edward Joseph Havlik. Both of these individuals had no-fault insurance coverage and Dorothy Tebo was reimbursed for her medical expenses and economic losses under the personal protection insurance coverage of her policy. Plaintiffs asserted a claim under the Michigan dramshop act, MCL 436.22; MSA 18.993 against defendants Steven Brimmer and Gerald

* Circuit judge, sitting on the Court of Appeals by assignment.

Forbes, doing business as Long Branch Bar, and Fred Denter, doing business as Oakley Liquor Bar, based upon the alleged unlawful sale of intoxicants by these defendants to Havlik prior to the accident.

One of the dramshop defendants filed a motion *in limine* requesting the exclusion of evidence of medical expenses and economic losses claimed by plaintiffs to the extent that such items were paid for by Dorothy Tebo's no-fault insurance carrier. The court granted this motion and plaintiffs appeal.

Plaintiffs rely on the collateral source rule, which provides that compensation due a party from an independent source other than the wrongdoer does not operate to lessen damages recoverable from the wrongdoer. *Blacha v Gagnon,* 47 Mich App 168, 171; 209 NW2d 292 (1973). This rule has been applied to bar a setoff against damages recoverable from a tortfeasor of payments received by the injured plaintiff under an insurance policy providing coverage for the losses caused by the defendant. *Perrott v Shearer,* 17 Mich 48 (1868), *Motts v Michigan Cab Co,* 274 Mich 437, 443-446; 264 NW 855 (1936). The rationale for such application of the collateral source rule has been stated as follows:

"To allow the defendant to reduce his liability because the plaintiffs exercised a contract right of recovery against their insurer, a right for which the plaintiffs paid consideration in the form of premiums, would be an unjust enrichment of the defendant." *Beaird v Brown,* 58 Ill App 3d 18, 21; 373 NE2d 1055, 1057 (1978).

Defendants correctly point out that plaintiff did not voluntarily contract for no-fault insurance

because the coverage was required by MCL 500.3101; MSA 24.13101. Nevertheless, premiums were paid for the coverage and the insurance benefits were still obtained from a source wholly independent of and collateral to the defendants. We will not sidestep the collateral source rule on the ground that the insurance was mandatory.

The case of *Barton v Benedict,* 39 Mich App 517; 197 NW2d 898 (1972), *overruled on other grounds* in *Podbielski v Argyle Bowl, Inc,* 392 Mich 380; 220 NW2d 397 (1974), cited by defendants, is not controlling. In *Barton,* this Court held that actual damages recoverable under the dramshop act should be mitigated by a settlement with the intoxicated person to avoid redundancy of compensation. This holding is in line with the general rule that a plaintiff is entitled to receive no more than the amount of the judgment from or on behalf of joint tortfeasors. However, the present case involves insurance proceeds, rather than recovery from another tortfeasor.

A case more in point is *Bohannon v Campbell,* 38 Mich App 422; 196 NW2d 836 (1972). There, the plaintiff was injured in an automobile accident with an uninsured motorist. He received benefits under the uninsured motorist coverage of his own automobile policy and received sick pay benefits under a group insurance program maintained by his employer. Plaintiff brought a successful dramshop action against a tavern owner who served liquor to the driver of the other car involved in the accident and on appeal, the dramshop defendant argued that he was entitled to have the uninsured motorist and sick pay benefits set off against his liability to defendant. This Court disagreed, citing the collateral source rule.

In addition to directly contesting the applicability of the collateral source rule, defendants in the present case argue that the dramshop action arose out of a motor vehicle accident and, therefore, plaintiffs could only maintain such action if the injured party suffered death, serious impairment of bodily function or permanent disfigurement, according to MCL 500.3135; MSA 24.13135. Support for this claim is provided by *Citizens Ins Co of America v Tuttle,* 96 Mich App 763; 294 NW2d 224 (1980),[1] in which the plaintiff brought a tort action seeking recovery of damages resulting from a collision between the truck he was driving and defendant's cow, which had wandered onto the highway. This Court ruled that the action was barred by § 3135 of the no-fault act, stating that the Legislature intended that tort liability be precluded whenever an automobile is involved in any way, even if the cause of the accident could in no way be attributed to the vehicle.

We believe this Court's reasoning in *Tuttle* is erroneous and instead follow *Schwark v Lilly,* 91 Mich App 189; 283 NW2d 684 (1979), *rev'd on other grounds* 411 Mich 909 (1981), where the Court was faced with the issues of whether a no-fault insurance carrier was entitled to reimbursement for benefits paid to the plaintiff where the plaintiff's case against one of the tortfeasors was based on the dramshop statute. In ruling that the insurance carrier was not entitled to reimbursement, the Court found that the liability of the dramshop defendants did not arise out of the ownership, maintenance or use of a motor vehicle but instead stemmed from their unlawful furnishing of liquor to a visibly intoxicated person. Thus,

---

[1] *Tuttle* was reversed by the Michigan Supreme Court, 411 Mich 536; —— NW2d —— (1981).

the abolition of tort liability in § 3135 of the no-fault act was inapplicable.

The trial court erred in granting defendants' motion *in limine* excluding evidence of Mrs. Tebo's medical expenses and economic losses. The trial court's order to that effect is vacated and the case remanded for further proceedings.

Reversed and remanded. Costs to abide the final outcome.