TOUSSAINT *v.* CONTA.

1. AUTOMOBILES—INTERSECTIONS—THROUGH HIGHWAY—STOPPING—NEGLIGENCE—FINDING OF COURT.

   In action by eastbound plaintiffs on a stop road against south-bound defendants on through highway, conclusion of court, who tried case without a jury, that defendant motorist was not guilty of negligence in relying upon plaintiffs' car stopping, or, having stopped, not proceeding out into his path, *held*, supported by evidence.

2. APPEAL AND ERROR—NONJURY LAW CASE—NEGLIGENCE—FINDING OF COURT.

   In a law case tried before the court without a jury, the findings of the court on an issue of negligence are affirmed where the record on appeal is such that, had the case been tried before a jury, its verdict on such questions would be sustained.

3. SAME—NONJURY LAW CASE—WEIGHT OF THE EVIDENCE—CREDIBILITY OF WITNESSES.

   In a law case tried without a jury, the trial court is the judge of the weight of the evidence and the credibility of the witnesses; so unless the findings are against the great weight of the evidence, the judgment is not disturbed on appeal.

4. TRIAL—NONJURY LAW CASE—VIEW OF SCENE OF ACCIDENT—NOTICE TO PARTY OR ATTORNEY.

   An observation by the trial court, who tried case without a jury, merely to clarify its understanding of undisputed facts regarding the place of an automobile accident, is not reversible error even where view is had without notice to plaintiffs or their attorneys.

Appeal from Wayne; Merriam (De Witt H.), J. Submitted January 16, 1940. (Docket Nos. 125–128, Calendar Nos. 40,961–40,964.) Decided March 15, 1940. Rehearing denied June 18, 1940.

Separate cases by Arlene Toussaint, by Rose Toussaint, her next friend, Rose and Henry Toussaint, separately, and Rose and Henry Toussaint, jointly, against Walter Conta, Floyd Foren, Inc., a Michigan corporation, Floyd Foren, Robert Walker, and Aline McFarland for damages for injuries to persons and property arising out of a collision of automobiles at an intersection. Cases consolidated for trial and appeal. Discontinued as to defendant Walker; dismissed as to defendant Floyd Foren. Judgments for defendants. Plaintiffs appeal. Affirmed.

*Kelly, Kelly & Kelly,* for plaintiff.

*Leo J. Carrigan,* for defendant Floyd Foren, Inc.

McALLISTER, J.   About 9 o'clock in the evening of October 8, 1937, Henry Toussaint, his wife Rose, and their daughter Arlene, aged nine, approached the intersection of Fifteen Mile road and John R in Oakland county. They were in an automobile which was being driven by Mr. Toussaint on the Fifteen Mile road, proceeding in an easterly direction. At approximately the same time, defendant Walter Conta was driving a car on John R, approaching the intersection from the north. There ensued a collision of the two automobiles, resulting in injuries to certain of the parties; and plaintiff, by her mother as next friend, brought suit for damages. Consolidated with this suit on appeal are three other cases in which Henry Toussaint, his wife Rose, and both of them jointly brought similar actions for damages. The cause was discontinued as to defendant Walker and dismissed as to defendant Floyd Foren. On trial before a judge without a jury, the trial court found that there was no negligence on the part of the de-

fendant driver, and entered judgments of not guilty. Plaintiffs appeal, assigning error on the ground that the judgments are against the preponderance of the evidence; and that the inspection of the intersection in question by the trial judge, without notice to plaintiffs or their attorneys, constituted reversible error.

The street on which the defendant was proceeding was a "through" highway, and was so designated by stop signs erected on the intersecting street. Defendant Conta testified that plaintiffs' car did not stop at the intersection. In this testimony, he-was supported by his mother, and by Eugene Mills and Napoleon Rancour, who testified to like effect. Plaintiff Henry Toussaint testified that he did stop at the intersection, and was supported by the testimony of his wife. There was, therefore, a direct conflict between the parties and between their witnesses. Likewise, the testimony was at variance regarding the place where the collision occurred. The trial court found that "defendant Conta was close enough to the intersection to justify a reasonable belief that the Toussaint car would not proceed until he had crossed the intersection" and that there was no evidence to sustain plaintiffs' claim that the defendant proceeded heedlessly and without precaution as he entered the intersection.

Counsel for plaintiffs insist that, even though Henry Toussaint did not stop at the intersection, his failure to do so was not a contributing cause to the collision, as he was run down after he had passed over the east side of John R and while continuing to proceed eastward on the Fifteen Mile road. As an explanation of such a situation, the defendant, however, testified that he swerved to the left to avoid the collision after plaintiffs' driver proceeded into the intersection without stopping.

The testimony of the witnesses, the physical damage to the cars, the evidence of the broken glass and its location were all matters of fact to be passed upon by the trial judge. The court found that the defendant, at a certain distance from the intersection, relied upon the plaintiffs' car stopping; or having stopped, not proceeding out into his path. In effect, it found that Toussaint either did not stop, or having stopped, did not accord the right of way to defendant, but ran his car into the path of the oncoming car, so that defendant, by the exercise of reasonable care, could not avoid the collision.

We are of the opinion that the court's conclusion was supported by the evidence. In a law case tried before the court without a jury, the findings of the court on an issue of negligence are affirmed where the record on appeal is such that, had the case been tried before a jury, its verdict on such questions would be sustained. *Jacoby* v. *Schafsnitz,* 270 Mich. 515. In a law case tried without a jury, the trial court is the judge of the weight of the evidence and the credibility of the witnesses; unless the findings are against the preponderance of the evidence, the judgment is not disturbed on appeal. In this case, after an examination of the record and a consideration of the mass of conflicting claims and testimony, we cannot say that the findings of the trial judge, who had the opportunity of hearing and seeing all the witnesses, are contrary to the preponderance of the evidence. Our conclusion makes it unnecessary to consider the question raised with regard to the ownership of defendants' car.

Error is assigned that, because the trial judge viewed the intersection without notice to plaintiffs or their attorneys, there resulted reversible error. As far as is disclosed by the record, there was no more to be viewed at the intersection than the scene

of the accident. In *Valentine* v. *Malone,* 269 Mich. 619 (97 A. L. R. 326), a distinction was suggested between viewing the place of an accident, and moving apparatus, such as traffic signals. An observation by the trial court, merely to clarify its understanding of undisputed facts, regarding the place of the accident, is not error.

Judgment affirmed, with costs to defendants.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. POTTER, J., concurred in the result.