## SIVLEY v. STATE HIGHWAY DEPARTMENT

1. Negligence — Automobiles — Proximate Cause — Intervening Tortfeasor.

   Finding that the negligence of the State Highway Department in failing to erect the proper signs to show that a road was closed was not the proximate cause of decedent's collision with a motorist was not clearly erroneous where the motorist had turned from a highway onto the closed road, saw it was closed, made a "U-turn" and, while in perfect control of his car, did not stop when reentering the highway, because the motorist's act could properly have been found to be an unforeseeable intervening negligent act.

2. Negligence—Intervening Negligence—Superseding Act—Foreseeability.

   An intervening negligent act, as a general rule, supersedes the original negligence where the intervening act was not reasonably foreseeable as a consequence of the original negligence.

3. Negligence—Intervening Negligence—Foreseeability.

   Factual finding that the State Highway Department, which had failed to properly mark a closed road, could not reasonably have foreseen that a motorist, who had turned off a highway and was confronted with a barricade on the closed road, would then make a U-turn and, with his car being in control at all times, reenter the highway without stopping and without exercising the proper lookout was not clearly erroneous.

Appeal from Court of Claims, William John Beer, J. Submitted Division 2 March 4, 1971, at Lansing. (Docket No. 9064.)    Decided March 31, 1971.

Reference for Points in Headnotes
[1–3] 38 Am Jur, Negligence §§ 67–84.

Complaint by Gloria F. Sivley, administratrix of the estate of Fred C. Sivley, against the State of Michigan and the State Highway Department for negligence. Judgment of no cause of action. Plaintiff appeals. Affirmed.

*Troff, Lilly, Bonow, Piatt, File & Doyle* (by *Roger File*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for defendant.

Before: R. B. Burns, P. J., and J. H. Gillis and T. M. Burns, JJ.

Per Curiam. This is an appeal from a judgment on February 11, 1970, in the Court of Claims finding no cause of action. Plaintiff appeals by right.

Plaintiff's decedent was killed when the motorcycle he was riding ran into the side of an automobile which was driven by Daniel Timmons. Mr. Timmons, who had been driving east on Business Loop I-94, a four-lane divided highway in Kalamazoo County, made a right turn at Sprinkle Road. Sprinkle Road was under construction, however, and barricades had been placed 40 to 50 feet from the intersection to stop traffic. Mr. Timmons made a U-turn and proceeded back to Business Loop I-94 with the intention of returning on the highway to the road immediately west of Sprinkle Road.

Apparently Mr. Timmons did not stop when he regained the intersection, and as he crossed the east-bound lanes for purposes of turning left or west on the business loop, plaintiff's decedent, who was traveling in the east-bound passing lane, struck

Mr. Timmons' auto in the left side. It was plaintiff's theory below that the state's negligence in failing to properly erect signs to inform Mr. Timmons that Sprinkle Road was closed was the proximate cause of the accident in that he became confused after he made the turn onto Sprinkle Road and that his confusion caused him to reenter Business Loop I-94 without stopping. It is plaintiff's position that had the state erected the proper signs informing Mr. Timmons that Sprinkle Road was closed, he never would have made the turn in the first place; and, therefore, but for the state's negligence the accident would not have happened.

The trial court, sitting as the trier of fact, found that while the State Highway Department was negligent in failing to erect the proper signs, such negligence was not a proximate cause of the accident and death. The court found that the sole proximate cause of the accident was the act of Mr. Timmons and that Mr. Timmons' act in not stopping when returning to the intersection was not caused or did not flow from the state's negligence.

The trial court found that the act of Mr. Timmons was an intervening negligent act which superseded the negligent act of defendant and, therefore, the state was relieved of liability. To determine whether a subsequent negligent act supersedes a prior negligent act, the trier of fact must look to the foreseeability of the subsequent act:

"Generally, the effect of an intervening negligent act is tested by determining whether or not it was such as might reasonably have been foreseen as a consequence of the claimed negligence of the original actor."[1]

[1] *Comstock* v. *General Motors Corp.* (1959), 358 Mich 163, 178.

It is clear from the trial court's opinion that the court found that the highway department could not have reasonably foreseen that a driver who turned off the highway and was confronted with the barricade would then make a U-turn and, with his car being in control at all times, reenter the highway without stopping and exercising the proper lookout.

While there might be a reasonable difference of opinion as to whether the subsequent negligence of Mr. Timmons was foreseeable, it is clear that the finding of the trial court is not clearly erroneous.[2] That finding, in light of the trial court's superior position to judge the testimony, cannot be said to be contrary to the weight of the evidence presented.

Affirmed.

---

[2] The question of proximate cause is generally one for the trier of fact.  See *Comstock* v. *General Motors Corp., supra.*  Therefore, this court cannot reverse the finding by the trial court unless it is clearly erroneous.  See GCR 517.1.