**Julio Cèsar MARGAIN, Anna Maria Margain and Julio Cesar Margain, Next Friend of Analuz Margain, Plaintiffs-Appellants,**

v.

**MAIZE AND BLUE PROPERTIES, INC., a Michigan Corporation; Cyclon Industries, Inc., a Michigan corporation; and Jim Lugari, jointly and severally, Defendants-Appellees.**

No. 83–1687.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 8, 1984.

Decided Jan. 22, 1985.

Thomas H. Blaske (argued), Ann Arbor, Mich., for plaintiffs-appellants.

George W. Steel, Detroit, Mich., for Schmidt.

Lee T. Hoffmann, Jr. (argued), Southfield, Mich., for M & B Prop.

James Lugari, pro se.

Before MERRITT, WELLFORD and MILBURN, Circuit Judges.

MERRITT, Circuit Judge.

In this diversity action under Michigan tort law, the plaintiffs, Julio Margain, his wife Anna and daughter Analuz, claimed damages for injuries resulting from a fight between Julio and defendant, James Lugari. After a jury verdict awarding a combined amount of $40,000 to the plaintiffs, the District Court entered judgment apportioning separately the damages suffered by each plaintiff among the three defendants rather than imposing joint liability. Plaintiffs contend that the District Court's judgment is contrary to Michigan law because it splits up the damages among joint tortfeasors according to their relative fault. We agree, and therefore reverse and remand for the entry of judgment consistent with this opinion.

## I.

The Margains are citizens of Mexico. On the night of January 2, 1981, Julio and his daughter Analuz were paying guests at the Campus Inn, an Ann Arbor, Michigan, hotel owned by defendant, Maize and Blue Properties. On this same evening, defendant Cyclon Industries rented the Regency Ballroom in the Campus Inn from 6:00 P.M. to 11:00 P.M. for an office party. At approximately 11:00 P.M., several of the partygoers, including defendant Jim Lugari, an employee of Cyclon, continued the party at the Presidential Suite on the fifteenth floor. The Campus Inn had provided liquor at the ballroom (where there was an open bar), and also delivered liquor to the suite. After going to the suite, Lugari had at least four scotch and waters.

Sometime between 11:00 P.M. and 3:00 A.M., Julio was awakened by noise from the party. He complained to the hotel desk and then went into the hallway and asked the partygoers to quiet down. A fight broke out, and Lugari allegedly beat Julio in the hallway and then continued the attack in Julio's room, where his daughter had been sleeping, terrifying the child and breaking several of her toys.

Plaintiffs brought this diversity suit in District Court in Ann Arbor, seeking damages on a variety of Michigan law tort theories. They sued Lugari for assault and battery and intentional infliction of emotional distress on both father and daughter. Cyclon Industries was sued on a theory of vicarious liability for the acts done by Lugari, and Maize and Blue Properties was sued for breach of the innkeeper's duty to exercise reasonable care for the protection of Julio and Analuz, its paying guests. Julio's wife Anna sued all of the defendants for loss of companionship suffered as a result of her husband and child's injuries.

The jury returned a verdict of $7,000 for Julio, $30,000 for Analuz, and $3,000 for Anna. JA, 26.[1] The jury verdict apportioned each plaintiff's total damages among the three defendants according to a common formula, assigning 25 percent to Maize and Blue, 25 per cent to Cyclon, and 50 per cent to Lugari. JA, 27–28.

---

1. JA refers to the Joint Appendix submitted on  this appeal.

Plaintiffs proposed a judgment under which they would recover their total damages with each defendant jointly and severally liable for the entire amount.[2] The District Court rejected this proposal as inconsistent with the jury verdict, since the jury had allocated liability for each plaintiff's damages among the three defendants. JA, 29. Judge Joiner ruled that because the "case involved discrete acts of negligence" by each defendant, it was "not unreasonable that the jury should allocate responsibility as it did." JA, 29.

The District court accordingly entered a judgment assessing $10,000 in damages against Cyclon, $10,000 against Maize and Blue, and $20,000 against Lugari. JA, 21–22. Judge Joiner again stated that the evidence permitted the jury to conclude that the acts of Lugari and Maize and Blue were "discrete and not concurrent and caused damages separately assessable," and that some of Lugari's acts were outside the course of his employment with Cyclon. JA, 19.

## II.

■ The question on appeal is whether the District Court was correct in concluding that the jury "might reasonably" have found facts which under Michigan law permit apportionment of damages. Michigan is a comparative negligence state, but it has not accepted the rule set forth in *Dole v. Dow Chemical Co.*, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972), under which liability may be apportioned among joint tortfeasors based upon their relative fault. Instead, the longstanding rule in Michigan is that those whose acts concurrently cause a single indivisible injury are jointly and severally liable, and damages may be apportioned only if the plaintiff has suffered factually separable or divisible injuries that can be allocated among the tortfeasors with reasonable certainty. *Sexton v. American Aggregates*, 60 Mich.App. 524, 231 N.W.2d 449, 454–455 (1975). Where two or more actors concur in producing a single indivisible injury, such persons are jointly and severally liable even if they do not act in concert. *Gorelick v. Department of State Highways*, 172 Mich.App. 324, 339 N.W.2d 635, 643 (1983), citing *Edwards v. Joblinski*, 108 Mich.App. 371, 310 N.W.2d 385 (1981) (apportionment denied among negligent automobile drivers and road commission found negligent for failing to properly maintain a yield sign).[3]

■ Under this authority apportionment should not have been allowed in the present case. Julio Margain suffered injuries in the fight with Lugari, and that fight traumatized his daughter and caused his wife's loss of companionship. Lugari was the only tortfeasor actually inflicting damage. The injuries were not divisible. Nothing in the record indicates that a line should be drawn between the injuries Lugari caused and those due to Maize and Blue's negligent failure to provide a safe room for Julio and Analuz. Similarly, if Lugari was acting within the course of his employment with Cyclon in inflicting the first blow, then it is impossible to see how later blows were delivered outside the employment relationship.

The District Court apparently believed that the jury might have found that the defendants were not concurrent tortfeasors because their acts were discrete. Tortfeasors are not considered concurrent, however, only when they act in concert and violate the same duty. The Restatement of Torts, § 875, at 434 (1939) reinforces the

---

**2.** See JA, 36. The plaintiff's proposed judgment is not in the record, but was apparently set forth in a May 17, 1983, letter to the defendants and the Court.

**3.** Michigan does allow contribution among joint tortfeasors, but the contribution statute was amended, effective April 28, 1982, to specifically provide for joint and several liability to the plaintiff:

> In determining the pro rata shares of tortfeasors in the entire liability *as between themselves only and without affecting the rights of the injured party to a joint and several judgment:*
> (a) Their relative degree of fault shall be considered.
>
> (Emphasis in original). Mich.Comp.Laws Ann. § 600.2925b (Supp.1983).

50

reasoning in *Gorelick v. State Department of Highways, supra,* by clearly stating that "each of two or more persons whose tortious conduct is the legal cause of harm to another is liable to the other for the entire harm." Since the jury found that Maize and Blue's negligent failure to take reasonable care to protect Julio and Analuz was a legal cause of their harm, Maize and Blue is liable for the entire harm. As Lugari's employer, Cyclon's liability was vicarious, and on the facts here, there is no logical basis for any division of damages between Cyclon and Lugari. See W. Prosser, Handbook of the Law of Torts, § 52, at 315 (4th ed. 1971).

Accordingly, the judgment of the District Court is reversed, and the case is remanded for the entry of judgment holding the defendants jointly and severally liable for the full amount of each plaintiff's damages.